Exhibit 1

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

RICHARD H. TRENT, JR.,

    Plaintiff,

v.

SURVIVAIR, INC.,

At Law No.: CL07-5030

Plaintiff Demands a Trial by Jury

SURVIVAIR RESPIRATORS, INC.,

SURVIVAIR RESPIRATORS, LLC,

BACOU USA, INC.

BACOU-DALLOZ USA, INC.,

BACOU-DALLOZ AMERICAS, INC.,

BACOU-DALLOZ SAFETY, INC.,

BACOU-DALLOZ PROTECTIVE APPAREL, LLC,

SPERIAN PROTECTION USA, INC.,

SPERIAN PROTECTION AMERICAS, INC.,

SPERIAN PROTECTIVE APPAREL USA, LLC,

    Defendants.

## COMPLAINT

The plaintiff, Richard H. Trent, Jr., moves this Court for judgment against the defendants, and each of them, jointly and severally, in the amount and upon the grounds set forth as follows:

    1.    The plaintiff is a citizen of the Commonwealth of Virginia and a resident of the City of Virginia Beach.

    2.    The incident complained of herein arose in the City of Virginia Beach,

Law Offices Of
BREIT, DRESCHER, & IMPREVENTO
Norfolk, Virginia 23510

Virginia, and the defendants transact substantial business in the City of Virginia Beach, Virginia, including but not limited to the marketing, sale and distribution of respiratory protection products, including the Survivair self-contained breathing apparatus (SCBA) and its component parts, including the second stage regulator and face mask with air click, which is the subject of this litigation, specifically the subject Survivair Panther SCBA (hereinafter "SCBA") and component parts, identified as Survivair Part No. 965800 and Lot No. 314237, and which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia.

3. The defendant Survivair, Inc. (hereinafter "Survivair") is a foreign corporation organized under the laws of Delaware and Connecticut and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action.

4. The defendant Survivair Respirators, Inc. (hereinafter "Survivair") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have

been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action.

5. The defendant Survivair Respirators, LLC (hereinafter "Survivair") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA') and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action.

6. The defendant Bacou USA, Inc. (hereinafter "Bacou") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, defendants Survivair have merged with the Bacou USA family under Bacou-Dalloz and Bacou-Dalloz is believed to be a successor or predecessor in interest of defendants

Law Offices Of
BREIT, DRESCHER & IMPREVENTO
Norfolk, Virginia 23510

Survivair.

7.  The defendant Bacou-Dalloz USA, Inc. (hereinafter "Bacou-Dalloz") is a foreign corporation organized under the laws of Pennsylvania and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, defendants Survivair have merged with the Bacou USA family under Bacou-Dalloz and Bacou-Dalloz is believed to be a successor or predecessor in interest of defendants Survivair.

8.  The defendant Bacou-Dalloz Americas, Inc. (hereinafter "Bacou-Dalloz") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, defendants Survivair have merged with the Bacou USA family under Bacou-Dalloz and

Law Offices Of
BREIT, DRESCHER, & IMPREVENTO
Norfolk, Virginia 23510

Bacou-Dalloz is believed to be a successor or predecessor in interest of defendants Survivair.

9. The defendant Bacou-Dalloz Safety, Inc. (hereinafter "Bacou-Dalloz") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, defendants Survivair have merged with the Bacou USA family under Bacou-Dalloz and Bacou-Dalloz is believed to be a successor or predecessor in interest of defendants Survivair.

10. The defendant Bacou-Dalloz Protective Apparel, LLC (hereinafter "Bacou-Dalloz") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information

Law Offices Of
BREIT, DRESCHER, & IMPREVENTO
Norfolk, Virginia 23510

and belief, defendants Survivair have merged with the Bacou USA family under Bacou-Dalloz and Bacou-Dalloz is believed to be a successor or predecessor in interest of defendants Survivair.

11. The defendant Sperian Protection USA, Inc. (hereinafter "Sperian") is a foreign corporation organized under the laws of Pennsylvania and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, Sperian Protection USA, Inc. is a successor or predecessor in interest of defendants Bacou and Bacou-Dalloz.

12. The defendant Sperian Protection Americas, Inc. (hereinafter "Sperian") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, Sperian

Law Offices Of
BREIT, DRESCHER, & IMPREVENTO
Norfolk, Virginia 23510

Protection Americas, Inc. is a successor or predecessor in interest of defendants Bacou and Bacou-Dalloz.

13. The defendant Sperian Protective Apparel USA, Inc. (hereinafter "Sperian") is a foreign corporation organized under the laws of Delaware and was and is in the business of manufacturing designing, assembling, servicing, inspecting, testing, marketing, distributing, importing and selling respiratory protection products, including but not limited to the Survivair Panther SCBA (hereinafter "SCBA") and its component parts, including the second stage regulator and face mask with air click, which SCBA's have been sold in the city and environs of Virginia Beach, Virginia and elsewhere in the Commonwealth of Virginia, and which SCBA was being used by the plaintiff at the time of the incident which is the subject of this action. Upon information and belief, Sperian Protective Apparel USA, Inc. is a successor or predecessor in interest of defendants Bacou and Bacou-Dalloz.

14. The plaintiff Richard H. Trent, Jr. was using the subject SCBA on or about August 27, 2005 when he was caused to sustain serious and permanent injuries as the result of the unreasonably dangerous and unsafe condition of the SCBA and its component parts, including the second stage regulator and face mask with air click.

15. The SCBA, and its component parts, including the second stage regulator and face mask with air click, manufactured, designed, assembled, serviced, inspected, tested, marketed, distributed, imported and sold by the defendants, and each of them, was unreasonably dangerous and defective as manufactured, designed, assembled, serviced, inspected, tested, marketed, distributed, imported and sold and proximately caused the personal injuries and attendant damages to the plaintiff more specifically set forth below.

Law Offices Of
BREIT, DRESCHER, & IMPREVENTO
Norfolk, Virginia 23510

## COUNT I

16. The plaintiff repeats, alleges and incorporates the allegations contained in paragraphs 1-15 as though the same were fully and specifically set forth.

17. Prior to the 27th day of August, 2005, the defendants, and each of them, negligently manufactured, designed, assembled, serviced, inspected, tested, marketed, distributed, imported and sold the subject SCBA and its component parts, including the second stage regulator and face mask with air click, which is the subject of this Complaint in such a manner as to render said SCBA and its component parts unreasonably dangerous for its ordinary and/or foreseeable uses.

18. The defendants, and each of them, were otherwise negligent with respect to the SCBA and its component parts, and its warnings and instructions calculated to be forwarded to the ultimate end user, and any foreseeable user, including the plaintiff, after the design, manufacture, marketing and sale of the SCBA, and identifying its unreasonably dangerous condition and warning and informing users of such unreasonably dangerous condition and repairing the SCBA and component parts.

19. As a direct and proximate result of the negligence of the defendants and each of them, the plaintiff was caused to suffer serious and permanent injuries.

20. The injuries of which the plaintiff complains were the direct and proximate result of the negligence of the defendants and each of them.

## COUNT II

21. The plaintiff repeats, alleges and incorporates the allegations contained in paragraphs 1-20 as though the same were fully and specifically set forth.

22. The defendants, and each of them, negligently failed to warn, instruct, and

apprise the plaintiff of the dangers and hazards associated with the SCBA and its component parts, including the second stage regulator and face mask with air click, so as to cause and increase the risk of injury as the result of reasonably foreseeable uses such as those undertaken by the plaintiff at the time he sustained serious injuries. These injuries were proximately caused by the unreasonably dangerous manufacture and design of the SCBA and its component parts, including warnings calculated to be delivered with the SCBA, including deficient and defective warnings and instructions when and after the defendants, and each of them, knew or should have known that the subject SCBA and its component parts was dangerously designed, manufactured, inspected, maintained, assembled, labeled, distributed and sold, and when the defendants, and each of them,.. knew, or should have known of available and adequate warnings, designs, safeguards, instructions, developments and methods of correcting these hazards which were present in the SCBA at the time it was used by the plaintiff.

23. As a direct and proximate result of the defendants' failure to warn as set forth above, the plaintiff sustained serious and permanent injuries.

## COUNT III

24. Plaintiff repeats, alleges, and incorporates all of the allegations contained in paragraphs 1-23 as though the same were fully and specifically set forth.

25. The defendants, and each of them, expressly and impliedly warranted that the SCBA and its component parts, including the second stage regulator and face mask with air click, which were being used by the plaintiff at the time he sustained serious personal injuries, was of merchantable quality, fit and safe for its intended and ordinary uses and for the general, particular and foreseeable uses and purposes for which said

SCBA was designed, distributed, marketed, tested, assembled, labeled and sold by the defendants after the defendants, and each of them, knew, or should have known, that the SCBA and its component parts were dangerously and defectively designed, manufactured, distributed, assembled and sold and contained improper and inadequate warnings and was manufactured without intended safeguards associated with foreseeable uses of the SCBA. The defendants, and each of them, did fail to adequately and appropriately warn and instruct of the dangers reasonably associated with the foreseeable uses of the SCBA.

26.   The subject SCBA and its component parts did not conform to the implied and express warranties made by the defendants and each of them.

27.   As a direct and proximate result of the failure of the SCBA to confirm to said express and implied warranties as set forth above, the plaintiff sustained serious and permanent injuries.

## DAMAGES

28.   The plaintiff repeats, alleges and incorporates all of the allegations contained in paragraphs 1-27 as though the same were fully and specifically set forth.

29.   As a direct and proximate result of the aforementioned acts and omissions of the defendants, and each of them, the plaintiff suffered serious and permanent injuries.

30.   As a direct and proximate result of the aforementioned acts and omissions of the defendants, and each of them, the plaintiff incurred the following damages:

  A.   Bodily injuries both permanent and nonpermanent in nature which have affected the plaintiff's health;

  B.   Past, present and future physical pain and mental anguish;

C.  Disfigurement and/or deformity coupled with associated humiliation and embarrassment;

D.  Past, present and future inconvenience;

E.  Past, present and future medical expenses;

F.  Past, present and future lost earnings and a lessening of earning capacity;

G.  Other out-of-pocket expenses and damages;

H.  Other damages allowable at law, including medical expenses incurred in the past, present and future.

WHEREFORE, as a direct and proximate result of the aforementioned acts and omissions of the defendants, and each of them, the plaintiff suffered the aforesaid damages and prays for judgment against the defendants, jointly and severally, in the amount of EIGHT HUNDRED FIFTY THOUSAND DOLLARS ($850,000.00) in compensatory damages.

### JURY DEMAND

Plaintiff hereby demands a trial with a jury on all issues in the cause, including liability and damages.

RICHARD H. TRENT, JR.

Of Counsel

Michael F. Imprevento, Esquire (VSB No. 23926)
Breit, Drescher & Imprevento, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510
(757) 670-3884 Office
(757) 670-3939 Facsimile

Law Offices Of
BREIT, DRESCHER & IMPREVENTO
Norfolk, Virginia 23510